**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Yana Hart, Esq. (SBN: 306499)
yana@kazlg.com
David James McGlothlin (SBN: 253265)
david@kazlg.com
2221 Camino Del Rio S, Ste 101
San Diego, CA
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOLIANNA ANDRIAMANIRAKA, **Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>DEVA CONCEPTS, LLC, D/B/A DEVA CURL,<br><br>Defendant. | Case No.: **'20 CV 0479 CAB WVG**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ.*;**<br>2) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*;**<br>3) **NEGLIGENT MISREPRESENTATION; AND**<br>4) **INTENTIONAL MISREPRESENTATION; AND**<br>5) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**<br><br>**[JURY TRIAL DEMANDED]** |

Case #                                                    *Andriamaniraka, et al. v. Deva Curl*
**CLASS ACTION COMPLAINT**

## INTRODUCTION

1.  Plaintiff HOLIANNA ANDRIAMANIRAKA ("Ms. Andriamaniraka" or "Plaintiff") brings this Class Action to challenge the deceptive advertising and business practices of defendant, DEVA CONCEPTS, LLC, d/b/a DEVA CURL ("Deva Curl" or "Defendant") with regard to Defendant's false and misleading marketing with regards to "DevaCurl No-Poo Original" non-lathering conditioning cleanser, DevaCurl One Condition® Original hair-conditioner, DevaCurl Light Defining Gel, DevaCurl Low-Poo Original cleanser, DevaCurl Low-Poo Delight cleanser, DevaCurl No-Poo Decadence cleanser, DevaCurl One Condition® Delight hair-conditioner, DevaCurl One Condition® Decadence hair-conditioner, Melt into Moisture Mask, Styling Cream, High Shine, Heaven in Hair, Leave-In Decadence conditioner, Super Stretch Coconut Curl Elongator, Wavemaker, and DevaCurl Ultra Defining Gel (collectively "the Products"). Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Defendant's mislabeled Products.

2.  Defendant claims that the Products "will not only enhance your curls, but also enhance your life" and that the Products are "formulated with a moisture foundation that helps curls look and feel healthy, conditioned, soft, defined, shiny, and frizz-free." Defendant also claims that "We literally take the products out of the lab and into curls" to "validate every product for quality, safety and performance."

3.  Defendant also claims that it is "committed to continuously listening, learning and finding innovative ways to help all curlkind love their curls!" Defendant claims that it "listen[s] to our stylists and curl community to find out what they need . . . to bring out the best in curls." Defendant also claims that they have "strict safety testing protocols" and they "are committed to the safety of our products and our curl community."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

4. Defendant also advertises all of its products as "free of harsh ingredients" because "it was the right thing to do for curls." Defendant promotes its products as containing only "natural and functional ingredients" and that its ingredients are "ingredients with a conscience." Next to these claims, Defendant includes pictures of natural chia-flaxseed extract, jojoba oil, saffron flower extract, and passionfruit oil.

5. Despite these wholesome claims, Defendant's products contain several ingredients that are known allergens, irritants, or otherwise harmful to humans. For example, Defendant's No-Poo Original conditioning cleaner contains Propylene Glycol and Cocamidopropyl Betaine, which are both allergens.

6. Defendant also failed to adequately disclose that its Products had safety risks associated with ordinary use, including increased hair loss, hair damage, excessive shedding, balding, and scalp injury.

7. Consequently, Defendant's actions resulted in several violations of state consumer statutes. Defendant's misrepresentations are not only harmful to consumers, but also allow Defendant to increase its sales and capture market shares from its competitors.

8. Plaintiff makes these allegations as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

9. Defendant's nationwide sale and advertising of the deceptively misbranded Products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*.; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.; (4) negligent misrepresentation; and (5) intentional misrepresentation.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

10. This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

13. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California, and Defendant is a corporation organized and existing under the laws of the State of Delaware.

14. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Diego. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of the Products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant has a registered agent for service in California, which was served with the complaint and summons.

---

[1] On information and belief, Defendant sells its Products online throughout the country with thousands of reviews on each product. Based upon the advertised price of Defendant's Products and their nationwide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

15. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) many of the acts and transactions giving rise to this action occurred in this district because:

    (a)    Defendant is authorized to conduct business in this district;

    (b)    Defendant does substantial business within this district;

    (c)    Defendant is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)    Defendant's actions resulting in harm to Plaintiff occurred within this district.

## PARTIES

16. Plaintiff is a natural person residing in the City and County of San Diego in the State of California.

17. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Delaware, with its principal place of business in New York, New York.

18. Defendant manufactures and/or distributes the Products. Defendant conducts extensive business through internet sales, including its own highly interactive website, and enjoys wide retail distribution at numerous stores within the United States, including California.

## FACTUAL ALLEGATIONS

19. At all times relevant, Defendant made and continues to make the claims and affirmative misrepresentations regarding the Products, which it manufactures, markets, and sells online through its own website and other online retailers, including Amazon.com among others.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

20. Defendant advertised, marketed, packaged, and sold the Products to Plaintiff and other consumers similarly situated throughout the nation with the claims, which are false representation that the Products are safe, wholesome, and beneficial to consumer's hair's health.

21. On or about August 16, 2019, Plaintiff purchased Defendant's Curly Double Take Kit and Styling Cream from Defendant's website for a total of $120.00 before taxes. The Curly Double Take Kit included Defendant's No-Poo Original Conditioning Cleanser and Defendant's One Condition Original 32 oz and 12 oz.

22. After several months of using the Products, on or about December 2, 2019, Plaintiff purchased Defendant's Styling Cream, High Shine, Light Defining Gel, and Defendant's Heaven in Hair products.

23. Before both purchases, Plaintiff relied on Defendant's statements online, as detailed above and consumer testimonials on Defendant's website and social media, all of which lead Plaintiff to believe that the Products were safe, wholesome, natural, and would lead to Plaintiff having a healthier scalp and hair.

24. Due to Plaintiff's extended and exclusive use of Defendant's Products, Plaintiff began losing unusual amounts of hair, her scalp began to feel extremely irritated and her hair became dried out and frizzy.

25. Unbeknownst to Plaintiff, beginning in August of 2019, consumers throughout the country began complaining that Defendant's Products were causing scalp irritation, extreme shedding and hair thinning. These complaints were voiced to Defendant through Better Business Bureau and even a Facebook group entitled "Hair Damage & Hair Loss from DevaCurl" and contains more than 58,000 members.

26. Upon information and belief, Defendant knew of these complaints, but continued to represent its Products as being beneficial for the consumer's hair and scalp. Moreover, Defendant has not warned consumers about any of these harmful side effects, nor has Defendant recalled any of the Products.

27. As mentioned above, Defendant's Products contain known allergens and irritants. Similarly, the healthy product verification application ThinkDirty has rated all of Defendant's Products as having potentially serious negative and long term health effects. This stems from Defendant's inclusion of Phenoxyethanol, Laureth-4, VP/VA Copolymer, Cetaereth-20, and Defendant's generalized use of the ingredient "Fragrance", which typically occurs in products that use artificial or harm chemicals for the fragrance.

28. Defendant's misrepresentations regarding the Products caused the Plaintiff and similarly situated consumers nationwide to purchase and use the Products that are unsafe for human use.

29. Furthermore, the claims about the Products allows Defendant to gain a market share of the cosmetic industry through misleading and deceptive practices, giving it an unfair advantage over its competitors.

30. Despite this, Defendant continues to advertise, market, package, and sell the Products online and on the open market as containing all of the health benefits listed above.[2]

31. On information and belief, Defendant's Products' label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

32. Defendant knew, or in the exercise of reasonable care, should have known that its Products' label and advertising materials were misleading or false.

[2] *See* Product Philosophy, https://www.devacurl.com/us/curl-101/product-philosophy (last accessed March 12, 2020).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

33. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Products under the false impression that the Products were safe for cosmetic use and could provide the health benefits as advertised.

34. Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Products under the false impression that the Products would provide the cosmetic benefits advertised in the claims associated with the use of the Products; however, the Products could not provide the advertised benefits as it was unsafe for human use and caused the side effects listed above.

35. If Plaintiff had been aware that the Products caused the side effects, Plaintiff would have paid less for them, or would have purchased entirely different products. In other words, Plaintiff would not have purchased Defendant's Products but for Defendant's false claims and representations on the Products' label and related advertising material.

36. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Products' labels and website, where Defendant sold, and currently sells, its Products to consumers throughout the United States.

37. As a result of Defendant's false and misleading statements and failure to disclose, Plaintiff and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Products, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

38. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## CLASS ACTION ALLEGATIONS

39. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff brings this action collectively and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

41. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the United States who purchased the one or more of Defendant's hair care products within the four years prior to the filing of this Complaint.

42. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Products for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

43. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

44. **Numerosity**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Products are sold in large chain retainers, as well as online through Defendant's website, as well as numerous other third-party retailer sites, with thousands of customer reviews, and on that basis, Plaintiff alleges that the putative Class consists of thousands of members.

45. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

a.   Whether the Products as manufactured contained had various negative side effects as described above;

b.   Whether the Products were actually advertised as having varying health benefits, as being all natural and wholesome;

c.   Whether the Products were defective;

d.   Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

e.   Whether Defendant knew its claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

f.   Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq.*;

g.   Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

h.   Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

i.   Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

j.  Whether Defendant acted negligently or intentionally in making the Claims contained on the Products' label and Defendant's website;

k.  Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiff and members of the Class;

l.  Whether the Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

m.  Whether the Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

46. **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class in that the Plaintiff is a member of the Class that the Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased the Products from Defendant after exposure to the same claims appearing on the Products' label and Defendant's website. Plaintiff also received Products that had various undisclosed side effects and as advertised. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

47. **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class.  Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

48. **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

49. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Products in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

50. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

**FIRST CAUSE OF ACTION FOR**
**VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")**
**BUS. & PROF. CODE §§ 17500, *ET SEQ.***

51. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

53. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

54. Defendant states that each of its Products are each a cosmetic hair care product containing safe and natural ingredients with various health and beauty benefits, when, in fact, the Products have ingredients likely to cause various negative side effects as described above.

55. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq*.

56. At all times relevant, Defendant's advertising and promotion of its Products were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members through the misrepresentations described above.

57. Defendant engaged in the false and/or misleading advertising and marketing of its Products, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Products, which Defendant knew, or had reason to know, the Products were causing various negative side effects that were the opposite of what Defendant had advertised online and on the label.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

58. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

59. Had Defendant truthfully advertised that its Products did not bring about the advertised claims, Plaintiff and the putative Class members would not have purchased the Products, would have paid less for the Products, or would have purchased different products from another manufacturer.

60. This false and misleading advertising of the Products by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

61. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Products during the Class Period.

## SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL") BUS. & PROF. CODE §§ 17200, *ET SEQ.*

62. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

64. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

disjunctive, meaning that each of these "wrongs" operates independently from the others.

65. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

66. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by marketing, manufacturing, and distributing Defendant's Products in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*

67. Defendant violated the above-referenced statutes by falsely representing that its Products were safe, natural and wholesome, when in fact the Products contained harmful ingredients causing various side effects.

68. By advertising, promoting, manufacturing, and selling its Products in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "UNFAIR" PRONG

69. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

70. Had Plaintiff and the putative class members have been informed that Defendant's Products were causing various negative side effects instead of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

producing the advertised benefits, Plaintiff and the putative class members would have paid less for them, or would have purchased an entirely different products. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed market competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Products.

### C. "FRAUDULENT" PRONG

71. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely advertising its Products as described above.

72. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

73. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led to believe that Defendant's Products contained healthy and wholesome ingredients which would bring about various healthy benefits, when, in fact, the Products did not contain such ingredients; and, instead the Products caused various negative side effects as detailed above.

74. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising.

75. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair

competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

76. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Products' label and on its website and other third-party retailers as mentioned herein.

77. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

78. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

79. Plaintiff repeats re-alleges, and incorporates by reference the above allegations as if fully stated herein.

80. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Products contained safe and natural ingredients that would bring about various health and beauty benefits to the consumer's hair.

81. Defendant made these representations knowing, or having reason to know, that its Products contained dangerous ingredients, which caused various adverse side effects.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

82. Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Products.

83. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Products.

84. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations about the Products to be true.

85. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Products due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

## FOURTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION

86. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

87. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through the Products' packaging and advertising materials, that Defendant's Products contained safe and natural ingredients that would bring about various health and beauty benefits to the consumer's hair.

88. Defendant acted intentionally by willfully and purposefully making Claims on the label of Defendant's Products and on Defendant's website indicating to consumers that the Products were in fact safe, natural and beneficial.

89. Because the Products contained ingredients causing adverse side effects in thousands of consumers, the Products did not deliver the benefits that Defendant advertised.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

90. Defendant knew or had reason to know such representations were false, and continued to label its Products in a false or misleading way.

91. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Products.

92. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

93. Plaintiff allege the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i.    The "who" is Defendant;

    ii.    The "what" is the representation that Defendant's Products had safe and wholesome ingredients that would give the user various health and cosmetic benefits;

    iii.    The "when" is the date Plaintiff purchased the Products, and the Class Period of four years prior to the filing of this Complaint;

    iv.    The "where" is in Defendant's Products' labeling, advertisements, and online marketing; and

    v.    The "how" is the allegation that Defendant did not disclose that its Products contained dangerous and unhealthy ingredients and that thousands of consumers were experiencing various side effects.

94. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## RESERVATION OF RIGHT TO ASSERT CLAIM FOR VIOLATION OF THE

## CONSUMER LEGAL REMEDIES ACT

## CALIFORNIA CIVIL CODE § 1750, ET SEQ.

95. Concurrent with the filing of this Complaint, or shortly thereafter, Plaintiff intends to serve on Defendant a demand for corrective action pursuant to California Civil Code § 1750.

96. Plaintiff reserves the right to amend the Complaint to assert a cause of action under the CLRA, specifically, Civil Code Sections 1770(a)(1), (5), (7), and (9) should Defendant not take timely and appropriate corrective action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiff be appointed as the Class Representatives;
- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

prevent Defendant from retaining the benefits of their wrongful conduct;

- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

- Pre-judgment interests from the date of filing of this suit;

- that Plaintiff and each member of the putative Class recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;

- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### FIOURTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;
- punitive damages pursuant to Cal. Civ. Code § 3294; and
- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### FIFTH CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and
- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

### TRIAL BY JURY

97. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: March 12, 2020                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _s/ Nicholas Barthel____
ABBAS KAZEROUNIAN, ESQ
NICHOLAS BARTHEL, ESQ.
*Attorneys for Plaintiff*